IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH WILLIAM BAGGETT )
)
v. ) NO: 3:12-0952
)
MONTGOMERY COUNTY JAIL, et al. )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMENDATION

By Order entered September 18, 2012 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 43) of Defendants Montgomery County, Tennessee, Sgt. Seacrest, Sgt. Teamer, D. Armstrong, Sgt. Pierce, Douglas Tackett, and John Smith. The plaintiff has not responded to the motion.[1] For the reasons set out below, the Court recommends that the motion for summary judgment be granted and this action be dismissed.

---

[1] By Order entered June 21, 2013 (Docket Entry No. 48), the plaintiff was notified of the motion and given a deadline of July 29, 2013, to file a response.

## I. BACKGROUND

The plaintiff is a former inmate of the Tennessee Department of Correction ("TDOC") who was confined at the Montgomery County Jail ("Jail") in Clarksville, Tennessee, during 2011 and 2012. He is no longer incarcerated.[2] On September 14, 2012, he filed this action pro se and in forma pauperis seeking damages under 42 U.S.C. § 1983 against the Jail, Lt. D. Armstrong, Sgt. Seacrest, and Sgt. Teamer. See Complaint (Docket Entry No. 1). In the order of referral, the Court dismissed all claims against the Jail. See Docket Entry No. 4, at 2. By a subsequent amended complaint, the plaintiff named three additional defendants: Sgt. Pierce, Chief Deputy Tackett, and Chief Deputy John Smith.[3] The Defendants have filed answers, see Docket Entry Nos. 27 and 39, and scheduling orders have been entered in the action providing for a period of pretrial activity. See Docket Entry Nos. 28 and 40.

The plaintiff states that he was sentenced to TDOC on January 7, 2011, but was kept at the Jail to serve his sentence instead of being transported to a TDOC facility. He complains about a litany of living conditions at the Jail. He also makes reference to several Tennessee statutes regarding the housing of prisoners and complains about differences between living conditions at the

---

[2] On October 31, 2012, the plaintiff filed a change of address notice providing a free world address as his address of record. See Docket Entry No. 22.

[3] By Order entered November 13, 2012 (Docket Entry No. 23), the Court granted the plaintiff's motion for leave to file an amended complaint and directed the Clerk to file the proposed amended complaint (Docket Entry No. 18-1). The Clerk, however, re-filed the original complaint as the amended complaint and the proposed amended complaint was never actually filed. See Docket Entry No. 24. Regardless, all parties and the Court have viewed the proposed amended complaint as an operative pleading and the lack of its filing has no effect on the proceedings. Nevertheless, by a contemporaneously entered order, the Clerk will be directed to file the correct amended complaint for the purposes of clarifying the record.

Jail and at TDOC facilities. In a cursory manner, the plaintiff alleges that there is no access at the Jail to:

> "the Law Library - Federal Law Library - typewriters - legal paper - ink pens - media - post office - nice commissary - dental - vision - medical. I do not have access to contact visits with family - no family photos can be taken - no college programs - no work- no classes - no drug programs - nothing to give parole board when they come. Also no T.D.O.C. laison (sic) and no time computation and no T.D.O.C. couselors (sic) - no tables to sit at - no barber shop - no outside recreation nothing at all. No T.V. or appliances nothing offered for T.D.O.C. inmates not at all. No desk in cells having to eat in my cell by the toilet every meal - no light switch or plugs or any type of vocational programs or drug classes - educational programs offered.

See Docket Entry No. 1, at 5. He also complains that only postcards are allowed to be mailed out of the Jail, that inmate uniforms are reissued only once a week, and that the lights stay on at the Jail for 18-20 hours a day. Id. Finally, the plaintiff alleges that, on August 18, 2012, a letter to him from the Tennessee Board of Probation and Parole was opened by Jail officials outside his presence before it was delivered to him. He contends that his grievance was returned to him with a "smart disrespectful answer." Id. at 3 and 8.

The Defendants move for summary judgment contending that there are no genuine issues of material fact that require resolution of the claims by a jury. They argue that the plaintiff's allegations concerning conditions of confinement at the Jail are not supported by evidence showing that any of these conditions rise to the level necessary for a constitutional claim and, in fact, the plaintiff's own deposition testimony does not support constitutional claims. They further contend that the plaintiff has not set forth any evidence supporting a claim of municipal liability against Montgomery County and that he acknowledges that Defendants Armstrong, Tackett, and Smith are sued merely because of their supervisory positions and not because of any personal involvement in the events at issue. Finally, while the Defendants admit that the piece of mail in question was opened outside the

3

plaintiff's presence, they contend that this letter was not legal mail entitled to constitutional protection and that, even if it were protected mail, the single instance of mail opening about which the plaintiff complains is not sufficient to support a constitutional claim. The Defendants support their motion with excerpts from the plaintiff's deposition (Docket Entry No. 46-1), the affidavit of Douglas Tackett and attached copies of documents (Docket Entry No. 47).

The plaintiff has not responded to the motion for summary judgment and the docket sheet in the action reflects that the certified copy of the Order (Docket Entry No. 48) notifying him of the motion for summary judgment and the need to respond, which was mailed to the address he provided, was returned unclaimed. See Docket Entry No. 50. The plaintiff has also not responded to the notice filed by the Defendants on August 5, 2013, of his failure to respond to their motion. See Docket Entry No. 51. The docket sheet also reflects that other court mailings sent to the plaintiff have been returned as unclaimed. See Docket Entry Nos. 31 and 42.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether

there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere

"scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

Although the plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), see Order entered September 18, 2012 (Docket Entry No. 4), at this stage of the proceedings and when challenged upon a motion for summary judgment, there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the plaintiff on his claims. Accordingly, the Court finds that summary judgment should be granted to the Defendants.

When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

In their motion, the Defendants have painstakingly reviewed the laundry list of allegations made by the plaintiff regarding his conditions of confinement at the Jail and have set forth evidence negating any conclusion that the plaintiff was subjected to conditions that violated the standards required for a constitutional claim. See Defendants' Statement of Undisputed Material Facts (Docket Entry No. 45). Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). For any claim that conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment, the plaintiff must set forth evidence that establishes that a sufficiently serious deprivation has occurred. Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In order to satisfy this objective prong, proof of "extreme deprivations are required," Hudson, 503 U.S. at 9, because only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004).

The plaintiff has not set forth any evidence supporting his claims or rebutting the evidence presented by the Defendants. Even when the evidence before the Court is viewed in the light most favorable to the plaintiff, his claims regarding conditions of confinement at the Jail warrant dismissal because there is simply no evidence showing that he was subjected to the type of severe conditions of confinement which are required to support an Eighth Amendment claim. The plaintiff's claims are based upon complaints about the type of routine restrictions and unpleasant living conditions that accompany incarceration. However, the Eighth Amendment is not violated by prison conditions

which are harsh, Rhodes, supra at 347, and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment," Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Further, the plaintiff has no constitutional right to be incarcerated at any particular facility and does not state a constitutional claim based upon complaints that he either should have been confined at a TDOC facility or that conditions of confinement at the Jail were more spartan than at TDOC facilities. See Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Morrow v. Montgomery Cnty. Sheriff's Dept., 2012 WL 3561069 (M.D. Tenn. Aug. 16, 2012) (Campbell, J.).[4] Finally, the plaintiff has not set forth any evidence that he was deprived of adequate medical care at the Jail in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

To the extent that the plaintiff's allegations implicate the First Amendment's right of access to the courts, Bounds v. Smith, 430 U.S. 817, 821-24, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), it is not enough for plaintiff simply to allege that he did not have access to an adequate law library or legal materials. To support a claim, the plaintiff must show that the alleged deprivations in some way prejudiced the filing or prosecution of a legal matter. Lewis v. Casey, 518 U.S. 343, 349-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985). There is no such evidence in this case.

With respect to the plaintiff's mail opening claim, the Sixth Circuit has determined that incoming legal mail may be inspected for contraband but should only be opened in the presence of the prisoner. Sallier v. Brooks, 343 F.3d 868 (6th Cir. 2003); Kensu v. Haigh, 87 F.3d 172, 174

---

[4] In his deposition, the plaintiff was adamant in his ill-founded belief that, as a TDOC sentenced inmate, he had a right to be housed in a TDOC facility. See Docket Entry No. 46-1, at 30 and 32-34.

8

(6th Cir. 1996); Lavado v. Keohane, 992 F.2d 601, 608-10 (6th Cir. 1993); Parrish v. Johnson, 800 F.2d 600, 603-04 (6th Cir. 1986). However, evidence that a single piece of legal mail was opened outside the presence of the inmate to whom it is addressed is viewed as de minimis and insufficient to support a constitutional claim. See Jackson v. Norris, 748 F.Supp. 570, 574-75 (M.D. Tenn. 1990). The plaintiff has not set forth any argument rebutting the Defendants' position that the mail in question was the type of legal mail warranting a heightened level of protection. The mail at issue was a notice from the Tennessee Board of Probation and Parole scheduling a parole date. The plaintiff conceded in his deposition that the Jail personnel were also separately notified of his parole hearing. See Docket Entry No. 46-1, at 19.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 43) filed by Defendants Montgomery County, Tennessee, Sgt. Seacrest, Sgt. Teamer, D. Armstrong, Sgt. Pierce, Douglas Tackett, and John Smith be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        JULIET GRIFFIN
        United States Magistrate Judge